PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK, SBN. 083908, mho@jmbm.com
STUART K. TUBIS, SBN. 278278, skt@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Defendant, Landry's, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LANDRY'S, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-707-GW(DTBx)<br><br>**FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT**<br><br>Date: June 1, 2017<br>Time: 8:30 a.m. |

**TO THE COURT, CLERK OF COURT AND ALL PARTIES OF RECORD**, Plaintiff Edward Davis ("Plaintiff") and Defendant Landry's, Inc. ("Defendant" or "Landry's") (collectively with Plaintiff, the "Parties") hereby submit this Federal Rule of Civil Procedure 26(f) joint report:

1. The Parties propose that initial disclosures be exchanged pursuant to Rule 26(a) on or before June 8, 2017. The Parties do not believe any changes to form or requirement for disclosures are necessary.

2. Plaintiff proposes that the following general subjects be a part of discovery: (1) Defendant's operation of places of public accommodation; (2) Ownership of the website at issue; (3) Maintenance of the website; (4) The website's design; (5) The website's accessibility by visually-impaired individuals; (6) Defendant's use of version 2.0 of the Web Content Accessibility Guidelines set forth by the international website standards organization W3C and/or any other accessibility guidelines; (7) Training provided by Defendant on web design and accessibility for disabled users of its website; (8) Complaints about the website's accessibility to the visually impaired; (9) Government investigations of the website; (10) All actions taken by Defendant to make the website accessible to visually-impaired users; (11) The bases for Defendant's affirmative defenses alleged in its Answer to Plaintiff's Complaint; and (12) Any auxiliary aids and services Defendant provide(d) to ensure effective communication with visually-impaired users who seek to use the website.

Defendant proposes that the following general subjects be part of discovery: (1) Plaintiff's means of computer, mobile device, and technology usage as well as internet usage history; (2) Plaintiff's medical condition(s) and medical history; (3) Plaintiff's alleged visits to the www.landrysinc.com (the "Subject Website") and other similar websites; (4) Plaintiff's reasons for allegedly visiting the Subject Website; (5) Plaintiff's alleged difficulty using the Subject Website or obtaining information, good or services available on the Subject Website; (6) Plaintiff's attempts to contact Landry's by other means, including by telephone; (7) Plaintiff's intentions to visit or use the Subject

Website in the future; (8) the basis for Plaintiff's allegations in the Complaint; (9) Plaintiff's financial relationship with Plaintiff's counsel and any agency, person or entity acting as a tester in connection with Plaintiff.

The Parties propose discovery be completed by March 30, 2018. The Parties do not believe that discovery should be conducted in phases or be limited to, or focused on, particular issues. The Parties propose that on or before December 29, 2017, each Party comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure by disclosing their experts in writing. The Parties propose that any Party may supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(c) by January 26, 2018. The date for the disclosure of the identity of rebuttal experts shall be on or before January 26, 2018.

3. The Parties do not foresee any issues related to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which they should be produced. Each Party reserves the right to preserve and protect confidential, privileged, or otherwise sensitive information at any point during the litigation.

4. The Parties do not foresee any issues about claims of privilege or of protection as trial-preparation materials. Each Party reserves the right to preserve and protect confidential, privileged, or otherwise sensitive information at any point during the litigation.

5. The Parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

6. The Parties do not believe that the Court should issue any other orders pursuant to Rule 26(c) or under Rule 16(b) and (c).

Dated: May 17, 2017                                    PACIFIC TRIAL ATTORNEYS, APC


                                                        By: */s/ Victoria C. Knowles*
                                                        Attorney for Plaintiff

Dated: May 17, 2017

JEFFER MANGELS BUTLER & MITCHELL LLP

By: */s/ Stuart K. Tubis*
Attorneys for Defendant

*I, <u>Victoria C. Knowles</u>, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the authorizations necessary for the electronic signatures of all parties for this document.*

/s/ *Victoria C. Knowles*

Victoria C. Knowles

4
JOINT RULE 26(F) REPORT

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2017, I electronically filed the foregoing FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Victoria C. Knowles, Esq.*
Victoria C. Knowles, Esq.